■ MIMI S. MERVIS, Appellant, v JAMES I. MERVIS, Respondent.—Judgment of the Supreme Court, New York County (Andrew Tyler, J.), entered October 8, 1985, which, after a nonjury trial, awarded custody of the minor child, Michael, to the defendant father and custody of the minor child, Daniella, to the plaintiff mother and ordered the defendant to pay to the plaintiff the sum of $300 per week for maintenance for a period of three years and the sum of $100 per week for support of the minor child, Daniella, and ordered the payment of counsel fees and granted judgment to the plaintiff for arrears and maintenance, and which held plaintiff in contempt for failure to grant visitation, as directed by the court, and held the defendant in contempt for failure to comply with the order for the payment of temporary maintenance and held in abeyance the contempt orders on the condition of compliance with the judgment, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the matter remanded for a new hearing.

The parties were married in 1968 and there are two children of the marriage, Daniella, now approaching 17 years of age, and Michael, now approximately 14. The parties were divorced in 1984, and a trial was directed as to the remaining issues. The husband has remarried and has one child.

An interim order provided for $300 per week as maintenance and $200 per week for support of the two children. The wife, who has had temporary custody, apparently made visitation by the father difficult, and the trial court, seemingly persuaded by that fact, separated the two children, giving custody of the son to the father. The contempt aspect is based on the failure of the wife to permit visitation, and the failure of the defendant to make the temporary maintenance payments.* However, no findings were made as to the best interests of the children in the award of custody, which should be the primary concern of the court, the other aspects being just

* *Cf.* Domestic Relations Law § 241.

one factor to be considered. *(Cf. Matter of Nehra v Uhlar,* 43 NY2d 242.) Moreover, Domestic Relations Law § 236 requires findings as to the facts considered by the court and the reasons for its decision, and there are too many aspects of the matter as to which findings would be in order, and there should be a new hearing before a different Judge, which will bring forth such findings. Concur—Kupferman, J. P., Ross, Milonas and Kassal, JJ.