■ In the Matter of CLIFFORD M., an Infant. GINA D., Appellant; HOWARD M., Respondent. [720 NYS2d 345] —Order, Family Court, Bronx County (Tandra Dawson, J.), entered on or about October 30, 1998, which denied petitioner's application for an order awarding her custody of her infant son, and modified her visitation with the infant from every weekend to every other weekend, unanimously reversed, without costs, the order vacated, and the matter remanded to the Family Court for a hearing on the issues of custody and visitation.

The Family Court erred in failing to hold a hearing to determine what was in the best interests of the infant (*see*, *Mervis v Mervis*, 123 AD2d 294). The court denied petitioner's application for a change in custody and granted the Law Guardian's application for a reduction in visitation without any inquiry or finding of facts. Thus, the matter must be remanded back to the Family Court for a hearing to determine the current status of the infant's custody and visitation.

We also note that the infant currently resides with his mother, the Law Guardian urges this Court to reverse the order, and there is no opposition from respondent to this appeal. Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY JOHNSON, Appellant. [719 NYS2d 867] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 30, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Considered as a whole, the court's charge on how the jury should conduct its deliberations was sufficiently neutral, balanced and noncoercive (*People v Gonzalez*, 262 AD2d 211, *lv denied* 93 NY2d 1018), and never "minimized the importance of careful deliberations" (*People v Brown*, 276 AD2d 266, 267), although the preferable course would be to adhere to the standardized Criminal Jury Instructions.

We perceive no basis for reduction of sentence. Concur—Tom, J. P., Andrias, Ellerin, Rubin and Saxe, JJ.